UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CIVIL RIGHTS COMPLAINT

DERRICK DEVON GRIFFIN,
    Plaintiff,

vs.                                       CASE NO: 3:08CV1173(VLB)

FALGUN DHARIA, Managing member of FDGVS-E-Windsor
Hospitality, LLC (official and individual);
SUBASH PATEL, Member of FDGVS-E-Windsor
Hospitality, LLC (official and individual);
DMITRY DRUXHINSKY, Member of FDGVS-E-Windsor
Hospitality, LLC (official and individual);
VADIM KESTEL, Member of FDGVS-E-Windsor
Hospitality, LLC (official and individual);
GREGORY LULKO, Member of FDGVS-E-Windsor
Hospitality, LLC (official and individual);
ROBERT RIDDELL, General Manager of Holiday
Inn Express (East Windsor) and of Six
Continents Hotels and of Intercontinental
Hotel Group;
TINA ZANKS, Manager of Holiday
Inn Express (East Windsor) and of Six
Continents Hotels and of Intercontinental
Hotel Group
KERI ZANE, Manager of Holiday
Inn Express (East Windsor) and of Six
Continents Hotels and of Intercontinental
Hotel Group,
    Defendant(s)

## A. PARTIES

1. Derrick Devon Griffin, Plaintiff, is a citizen of the State of Florida who presently resides at 13617 Southeast Highway 70; Arcadia, Florida 34266-7800; Location Number L10895.

- 1 -

2. Defendant Falgun Dharia is a citizen of the State of New Jersey whose address is 10 Vizcaya Court; Wayne, New Jersey 07470, and who is employed as Managing Member (15%) of FDGVS-E-Windsor Hospitality, LLC. Management company of Holiday Inn Express, East Windsor, Connecticut, in and for FDGVS of Wayne, New Jersey. At the time the claim(s) alleged in this complaint arose, this Defendant was not acting under color of state law.

3. Defendant Subash Patel is a citizen of the State of Texas whose address is 3616 Avenue F; Del-Rio, Texas 78840, and who is employed as a member (55%) of FDGVS-E-Windsor Hospitality, LLC. Management company of Holiday Inn Express, East Windsor, Connecticut, in and for FDGVS of Wayne, New Jersey. At the time the claim(s) alleged in this complaint arose, this Defendant was not acting under color of state law.

4. Defendant Dmitry Druxhinsky is a citizen of the State of New York whose address is 1075 Sheeps Head Bay Road, Apt. 20; Brooklyn, New York 11229 and who is employed as a member (10%) of FDGVS-E-Windsor Hospitality, LLC. Management company of Holiday Inn Express, East Windsor, Connecticut, in and for FDGVS of Wayne, New Jersey. At the time the claim(s) alleged in this complaint arose, this Defendant was not acting under color of state law.

5. Defendant Vadim Kestel is a citizen of the State of New York whose address is 36 Dover Street; Brooklyn, New York 11239 and who is employed as a member (10%) of FDGVS-E-Windsor Hospitality, LLC. Management company of Holiday Inn Express, East Windsor, Connecticut, in and for FDGVS of Wayne, New Jersey. At the time the claim(s) alleged in this complaint arose, this Defendant was not acting under color of state law.

6. Defendant Gregory Lulko is a citizen of the State of New Jersey whose address is 607 Mill Run; Paramuz, New Jersey 07652 and who is employed as a member (10%) of FDGVS-E-Windsor Hospitality, LLC. Management company of Holiday Inn Express, East Windsor, Connecticut, in and for FDGVS of Wayne, New Jersey. At the time the claim(s) alleged in this complaint arose, this Defendant was not acting under color of state law.

7. Defendant Robert Riddell is a citizen of the State of Maryland whose address is 435 Mission Bay Drive; Wildwood, Maryland 63040 and who is employed as a General Manager of Holiday Inn (hotels) Express (East Windsor).

8. Defendant Tina Zanks is a citizen of the State of Connecticut whose address is 41 Dart Hill Road; South Windsor,

Connecticut 06074 and who is employed as a manager of Holiday Inn Express (East Windsor).

9. Defendant Keri Kane is a citizen of the State of Virginia whose address is 6111 Arlington Boulevard; Falls Church, Virginia 22044 and who is employed as a Manager of Holiday Inn (hotels) Express (East Windsor).

10. Defendant Six Continents Hotels, Inc., Holiday Hospitality Franchising, Inc., parent company of Intercontinental Hotels Group, Holiday Inn Express, Inc/ Six Continents Hotels, Inc., Holiday Hospitality Franchising, Inc., is a business registered in the State of Georgia with an address of 3 Ravina Drive; Atlanta, Georgia 30346

### B. JURISDICTION

11. Jurisdiction is asserted pursuant to 42 U.S.C. § 1983.

### C. NATURE OF THE CASE

12. On or about April 27, 2006, the Plaintiff checked into the Holiday Inn Express, in East Windsor, Connecticut. After paying cash daily, the Plaintiff left for an outing, to return later that day. After nightly paid stays, he contacted the hotel on April 29, 2006, and said he was running late due to Massachusetts custody and wanted to extend his stay. Desk

Manager (Defendant) Zanks agreed. Management (Defendant) Riddell entered a reserved room (149) and began to search through all the Plaintiff's property (e.g., suitcase, safe, bags, etc.) and did (as an operating member of the management) violate the Amendment Four (4), Eight (8) and Fourteen (14) of the U.S.C. which states "… secure in their persons houses and effects." All without consent as to multiple levels of carelessness, negligence and obvious constitutional misconduct. Also resulting in an arrest, loss of property and emotional with physical injury.

### D. CAUSE OF ACTION

<u>Claim I:</u>

A) On or about April 27, 2006, the Plaintiff checked into the Holiday Inn Express, located at 260 Main Street in the Warehouse Point section of East Windsor, Connecticut. The reservation was made by Peter Williams prior to the Plaintiff's arrival.

B) The Plaintiff checked in and rendered valid Florida Identification of Derrick Devon Griffin and paid cash daily. He was given a room on the second floor and came back to the desk and was given Room 149.

C) Continuing to pay cash daily, the Plaintiff requested at check-in "Do Not Disturb/No Housekeeping". During his stay he did receive no housekeeping and was not disturbed.

D) The Plaintiff left with associates from Connecticut and went shopping and had appointments.

E) On April 29, 2006, the Plaintiff left with associates from Connecticut and went sight-seeing and shopping, in Massachusetts; the Plaintiff was taken into custody in Massachusetts.

F) On April 30, 2006, the Plaintiff called, by third-party connection from Massachusetts, the Holiday Inn Express and stated the following, in a recorded call:

| | |
|---|---|
| Zanks: | Good morning and thank you for calling the Holiday Inn Express East Windsor. Can I make a reservation for you? |
| Griffin: | Yes, good morning. Your name is, again? |
| Zanks: | Tina Zanks (inaudible). |
| Griffin: | I'm calling with regards to Room 149. (inaudible) the reservation is under. |
| Zanks: | Williams, Peter Williams, Room 149. |
| Griffin: | Yes, that's it. |
| Zanks: | I have it in front of me Mr. Williams. |
| Griffin: | No, I'm Griffin, the one that checked in. I just left the Massachusetts hospital and I am going into police custody of West Springfield Police Department. |
| Zanks: | Okay (please hold). |
| Zanks: | Sorry about that. |
| Griffin: | Please extend my stay until May 1st and I will have Carl Broome come by before 8pm on the 1st |
| Zanks: | Repeat that name, please. |
| Zanks: | Spell the last name please. |
| Griffin: | C-A-R-L B-R-O-O-M-E of Manchester. |
| Griffin: | I will have Carl settle and balance or get any refunds any thing left. I do not want my stuff |

|          | in danger of being removed so no housekeeping. Only let Carl in the room. Make sure you write that down. |
|----------|---|
| Zanks:   | I will extend it until 8pm on Monday, May 1st. We are not busy so this will not be a problem. |
| Griffin: | Thank you. If I can leave here within a few hours, I'll be there myself. |
| Zanks:   | Well, I (inaudible) put your room on a hold and I will leave a note. For the next shift. |
| Griffin: | Thank you again. Just make sure I have no one going in the room except Carl. If I'm late. |
| Zanks:   | You're welcome. I hope everything works out for your situations (please hold). |
| Griffin: | Officer, can I have about 5 minutes, I'm almost done. I'm on |
| Zanks:   | I apologize for the interruption. To make sure I have it correct. Continue stay till 8pm on the 1st. |
| Griffin: | Yes (inaudible) |
| Griffin: | 9-5-4 |
| Zanks:   | What was that? |
| Griffin: | I'm answering a question. Go ahead. |
| Zanks:   | Continue no housekeeping and do not disturb and Carl Broome. That B-R-O-O-M-E will come by 8pm on the 1st to settle any balances and pick up your property. |
| Griffin: | That's it, I just don't want my property removed by anyone. So do not enter the room because I do not want my stuff in danger. |
| Zanks:   | Okay. I want to double check you're Mr. Williams or Griffin? |
| Griffin: | Griffin. Peter Williams made the reservation for me. I'm the one that checked in. |
| Zanks:   | Okay. Just wanted to be sure. |
| Griffin: | I have to go. (inaudible) |
| Zanks:   | Have a great day. Thank you for choosing at the Holiday Inn Express, East Windsor. |

G) The Desk Clerk, Tina Zanks, who is employed by Holiday Inn through it's parent company and dually managed by FDGVS-E-Windsor Hospitality, LLC, did violate Plaintiff's constitutional rights as depicted in Amendment Four which states, "… secure in their persons, houses, and effects." During such violation Ms. Zanks did breach the verbal contract by such carelessness and did not follow through with telephone conversation and caused an invasion of privacy. By consenting to a false statement and causing the violation of his "effects" being rummaged through.

H) Due to the Defendant's carelessness and negligence, the Plaintiff has suffered a great deal. For one of the primary purposes of the Fourth Amendment is to prevent incursions on individuals' privacy. The privacy factor of the Fourth Amendment protects our "persons, houses, papers, and effects". This was violated by the Defendants. The U.S. Supreme Court has simply said that the right of privacy is encompassed within the "liberty" protected by due process clauses of the Fifth and Fourteenth Amendments. Thus, this warrants an injustice of the Plaintiff's rights. Thus, this litigation. Furthermore, ding so did these parties as employees (contracted to perform a task or duty) as authorized agents, servants and/or employees maintained, superintended, directed or oversaw all matters.

Thereby abandoning the "duty of care" which did cause the prerequisite of negligence and carelessness.

**Claim II:**

A) On or about May 1, 2006, before the verbally contracted expiration of time of 8:00 pm EST., Robert Riddell took a maintenance worker in Room 149, without consent or search warrant or police (by warrant), against posted "no housekeeping sign on the door and do not disturb sign on the door and notice at front desk of such and entered Room 149 (which was locked) with a master key and began searching through (e.g., suitcases, boxes, bags … safe). Mr. Riddell (after illegal searching) contacted police (East Windsor) and notified them in accordance to the affidavit of Mr. Riddell, "the room did not contain any 'dangerous' items and/or materials … however, the room did contain what appeared to be thousands of dollars of merchandise. The merchandise, consisting of jewelry, clothing, video games and accessories, cellular phones, and other items…". His affidavit continues to read, "Mr. Riddell further noted the room safe … and upon examination found the safe to contain airline tickets, issued in various names, one of which was the accused, Derrick Griffin, [cash] and travelers checks".

Mr. Riddell along with the unidentified maintenance worker and Keri Kane contacted police and invited them in the hotel room to look around also. Warranting in a suspicious activity

arrest warrant. Mr. Riddell, Keri Kane violated every level of privacy. Especially when signs from his staff and guest were left. Physical and emotional injuries did take place.

B) General Manager Robert Riddell and Keri Kane who is employed by Holiday Inn through it's parent company (International Hotels Group; and such) and day to day activity collectively operated by FDGVS-E-Windsor Hospitality, LLC and it's members did violate the Plaintiff's rights, as to his constitutional rights as depicted in Amendment Four (#4) which states, "...secure in their persons houses and effects." For it is noted that such defendants (as though authorized agents of management) entered Room 149 without consent and against guest request of no housekeeping and entry, etc., and did further violate *Arch v. State*, 7 F.3d 1300, "motel guests enjoy same constitutional protection against searches ... as to occupants of private residence." For a "motel room occupied as a temporary residence is entitled to same constitutional protection..." *Hardy v. U.S.*, 52 F.3d 147.

Due to the Defendant's carelessness and negligence and constitutional violation(s) the Plaintiff has suffered a great deal, as depicted in original and amended complaint. One of the primary purposes of the Fourth Amendment is to prevent incursions on individuals' privacy. The privacy factor of the Fourth Amendment protects our "persons, houses, papers, and

effects..." This was violated by the Defendants. The U.S. Supreme Court has simply said that the right of privacy is encompassed within the "liberty" protected by the due process clauses of the Fifth and Fourteenth Amendments. Thus, this warrants an injustice of the Plaintiff's rights. Thus, this litigation. Furthermore, ding so did these parties as employees (contracted to perform a task or duty) as authorized agents, servants and/or employees maintained, superintended, directed or oversaw all matters. Thereby abandoning the "duty of care" which did cause the prerequisite of negligence and carelessness.

**CLAIM III:**

Claim I and II is set forth in Claim III as set forth in full.

A) Falgun Dharia, managing member, and Subash Patel, Dmitry Druzhinsky, Vadim Kestel and Gregory Lulko, who are board members and governing partners of operations of such Holiday Inn Express, located at 260 Main Street in the Warehouse Point of East Windsor. Per a signed agreement on November 9, 2001, between Holiday Hospital Franchising, Inc., and FDGVS-E-Windsor Hospitality, LLC. Physical and emotional injuries did take place.

FDGVS-E-Windsor Hospitality, LLC (through members) did agree with the parent company of Holiday Hospitality Franchising, Inc., to "maintain a high moral and ethical

standard and atmosphere at the hotel"; … "provide efficient, courteous and high-quality service to the public"; as noted in 3(A)(1)(3) of Licensee's Responsibilities and (5) "strictly comply in all aspects with the manual and with all other policies…" and (7)(E) "training of all persons to be involved in the operation of the hotel." Under such complete agreement FDGVS-E-Windsor Hospitality, LLC, and it's members in their individual and corporate capacity are responsible for the actions of their staff, as noted in (7)(E) of agreement and the violations of the guest, as listed in (10)(J) titled "Management of the Hotel", it states. "Licensee [FDGVS-E-Windsor Hospitality, LLC,] must at all times retain and exercise direct management control…". This was not done as to the violation of the Plaintiff's rights, which they were responsible by such entity, which caused a violation of the constitutional rights as depicted in Amendment Four (#4) which states, "…secure in their persons houses and effects." For it is noted that such defendants (as though authorized agents of management) entered Room 149 without consent and against guest request of no housekeeping and entry, etc., and did further violate *Arch v. State*, 7 F.3d 1300, "motel guests enjoy same constitutional protection against searches … as to occupants of private residence." For a "motel room occupied as a temporary residence

is entitled to same constitutional protection…" *Hardy v. U.S.*, 52 F.3d 147.

Due to the Defendant's carelessness and negligence and constitutional violation(s) the Plaintiff has suffered a great deal, as depicted in original and amended complaint. One of the primary purposes of the Fourth Amendment is to prevent incursions on individuals' privacy. The privacy factor of the Fourth Amendment protects our "persons, houses, papers, and effects…" This was violated by the Defendants. The U.S. Supreme Court has simply said that the right of privacy is encompassed within the "liberty" protected by the due process clauses of the Fifth and Fourteenth Amendments. Thus, this warrants an injustice of the Plaintiff's rights. Thus, this litigation. Furthermore, ding so did these parties as employees (contracted to perform a task or duty) as authorized agents, servants and/or employees maintained, superintended, directed or oversaw all matters. Thereby abandoning the "duty of care" which did cause the prerequisite of negligence and carelessness.

### CLAIM IV:

Claim I, II, and III is set forth in Claim IV as set forth in full.

A) Intercontinental [Hotels/Hospitality] Group Six Continents Hotels, Holiday Inn Express "the system" and Holiday Hospitality Franchising does hold responsibility to it's name.

For they have (through agreement of license) require a monthly payment as to titled section (c) "Fees". Holding responsibility as to demanding that all partners comply with the manual of agreement and general fundamentals. Therefore, responsibility vest itself with these companies that did not maintain it's rules and own regulations. This is misconduct. While a guest at this establishment physical and emotional injuries did take place, due to negligence. Furthermore, ding so did these parties as employees (contracted to perform a task or duty) as authorized agents, servants and/or employees maintained, superintended, directed or oversaw all matters. Thereby abandoning the "duty of care" which did cause the prerequisite of negligence and carelessness.

## CLAIM IV:

Claim I-IV is set forth in Claim V as if set forth in full.

A) The actions of the Defendants in this claim, through their carelessness and neglect towards the Plaintiff have caused a domino effect of emotional and physical scares that have caused matters of life to be at risk, the more. These constitutional, ethical and moral misconducts have caused the loss of/elevated risk (Health) matters of:

    1)     Business and Personal Properties;

    2)     Business and Personal Relationships;

3) Numerous health maladies (since April 30, 2006; e.g., Cardiac Arrest, Transplant Recommended, artery spasms, strokes, etc.);

4) Mental Health Matters (since April 30, 2006);

5) Economic Difference of Normalcy; and

6) Not being secure in person, houses and effects (at length and at large)

### E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

13. Plaintiff has brought a prior lawsuit based on the same facts presented in this petition.

A) Derrick Devon Griffin was Plaintiff and Robert Riddell, Tina Zanks and Keri Kane were Defendants in the previous action.

B) That action was filed in the District Court of Connecticut at Hartford, Connecticut, in case number CV07-50123945.

C) That action was dismissed for lack of prosecution while Plaintiff was transported to four medical facilities in two states, under the custody of various state departments of corrections, for heart surgeries.

D) Plaintiff raised the constitutional violation of the Fourth Amendment to the U.S. Constitution, "...secure in their persons...", through invasion of privacy.

E) That action was filed approximately October of 2006, and dismissed in March of 2008.

### F. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff, Derrick Devon Griffin does file this action in conjunction with all claims in this matter for damages of emotional, physical and constitutional injustice for the total sum of twenty-five million dollars ($25,000,000.00). As to constitutional misconduct as to U.S.C. Amendment Four, Eight and Fourteen.

### H. JURY DEMAND

Plaintiff demands a trial by jury in this action.

Respectfully submitted,

_____
Mr. Derrick Devon Griffin, *pro-se,*

### OATH

I Declare Under Penalty of Perjury that I have read the foregoing and the facts stated here in are true and correct.[1] Executed on 15 day of July, 2008.

_____
Mr. Derrick Devon Griffin, *pro-se,*

---

[1] 28 U.S.C. § 1746.